IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-63,791-01






EX PARTE EVANGELICA AGUILAR, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS 

FROM NUECES COUNTY

IN CAUSE NO. 95-CR-1739-H

IN THE 347TH DISTRICT COURT




 Per curiam.

 O R D E R


 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of the offense of murder and sentenced to confinement for twenty-five years. Applicant's conviction was affirmed on appeal. Aguilar v. State, No. 13-97-00348-CR (Tex. App.--Corpus Christi, delivered May 6, 1999, pet. ref'd).

 Applicant contends that counsel was ineffective. The trial court has entered findings
of fact that counsel was not ineffective. However, we do not believe that those findings are
sufficient to completely resolve the issues presented, because the affidavits submitted by 
counsel conflict as to several facts. Applicant has stated facts requiring resolution, and
because this Court cannot hear evidence, it is necessary for the matter to be remanded to the
trial court for resolution of those issues. The trial court shall resolve those issues as set out
in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall conduct, or appoint a master to
conduct, a live evidentiary hearing. 

 After the hearing, the trial court shall make findings of fact as to whether counsel
elicited evidence of Applicant's prior extraneous misconduct, failed to object to the
admission of Applicant's other extraneous misconduct that would not have otherwise been
admitted, and failed to object to prejudicial closing statements made by counsel for
Applicant's step-mother. The trial court shall make findings of fact as to counsel's reasons
for eliciting such evidence and failing to object to it and as to what effect such evidence
might have had on the jury's verdict. The trial court shall also make any further findings of
fact and conclusions of law it deems relevant and appropriate to the disposition of the
application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294
(Tex.Crim.App. 1960), this application for a post-conviction writ of habeas corpus will be
held in abeyance pending the trial court's compliance with this order. The trial court shall
resolve the issues presented within 90 days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from the
hearings, along with the trial court's findings of fact and conclusions of law, shall be returned
to this Court within 120 days of the date of this order. (2)


 IT IS SO ORDERED THIS THE 8th DAY OF March, 2006.





 

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.